**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Petitioner and Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LAWSON,<br><br>*Petitioner*,<br><br>vs.<br><br>TWILIO, INC.,<br><br>*Respondent*. | Case No.<br><br>**PETITIONER-MOVANT ANTHONY LAWSON'S MOTION TO ENFORCE SUBPOENA AND COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION IN COMPLIANCE WITH NON-PARTY SUBPOENA TO TWILIO, INC.** |

**MOTION TO ENFORCE SUBPOENA**

Petitioner-Movant Anthony Lawson ("Petitioner"), pursuant to Federal Rule of Civil Procedure 45, respectfully moves this Court for an order compelling Twilio, Inc. to produce documents and appear for deposition in accordance with the non-party subpoena served on it by Petitioner in an underlying action pending in the United States District Court for the Middle District of Florida, and awarding Petitioner his reasonable attorney's fees and costs for the preparation and filing of this motion. In support thereof, Petitioner states as follows:

## I. INTRODUCTION AND FACTUAL BACKGROUND

### A. The Underlying Lawsuit

Anthony Lawson is the named plaintiff and proposed class representative in an action pending in the United States District Court for the Middle District of Florida, styled *Anthony Lawson v. Visionworks of America, Inc.*, Case No. 6:23-cv-01566-WWB-EJK (the "Underlying Action"). A copy of the operative complaint is attached hereto as **Exhibit A**. In the Underlying Action, Petitioner alleges that Defendant, Visionworks of America, Inc. ("Visionworks") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, (the "TCPA") by sending spam telemarketing text messages to consumers even after consumers request to be opted-out and while their telephone numbers were listed on the National Do Not Call registry. The operative complaint was filed on August 16, 2023, and asserts claims against Visionworks for:

- Count I- Violations of the TCPA, 47 U.S.C. § 227 (On behalf of Plaintif and the Do Not Call Registry Class)- sending more than one telemarketing text message within a 12-month period to consumers whose numbers are listed on the National Do Not Call registry.

- Count II – Violations of the TCPA, 47, U.S.C. § 227(c)(2) (On behalf of Plaintiff and the Internal Do Not Call Class) – Internal DNC Violations; continuing to send telemarketing text messages to consumers after they opted-out.

Petitioner seeks to certify the proposed classes, defined as:

Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent more a text message from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number more than third days after they made a request to Defendant to not receive future text messages.

## B. The Subpoena to Twilio

During the course of the proceedings in the Underlying Action, Petitioner learned that the text messages at issue were sent by Twilio, Inc. ("Twilio"), acting in its capacity as Visionworks' agent or marketing vendor. Twilio is an American cloud communications company that provides programmable communication tools for making and receiving phone calls, text messages, and performing other communication functions using its web service. Twilio is a Delaware corporation, whose headquarters are located in 101 Spear Street, Suite 1500, San Francisco, California 94105. *See* Twilio's Business Entity Summary from the California State Division of Corporations, attached hereto as **Exhibit B**. Twilio's Registered Agent is listed at 1201 Hays Street, Tallahassee, FL 32301. *See* Twilio's Business Entity Summary from the Florida State Division of Corporations, attached hereto as **Exhibit C**.

On March 4, 2024, Petitioner issued a non-party subpoena in the Underlying Action, commanding Twilio to produce certain records and documents by April 3, 2024, and to appear for a deposition on May 3, 2024 via remote teleconference. *See* Subpoena to Produce Documents and to Testify at a Deposition dated March 4, 2024, attached hereto as **Exhibit D**. Because the subpoena requires compliance in San

Francisco, California, a motion to compel compliance or enforce the subpoena is "properly filed" in this Court, which per Rule 45(d), is the court in the district where compliance with the subpoena is required. Fed. R. Civ. P. 45(d)(2)(B), 45(d)(3)(A).

On March 5, 2024, Petitioner served a non-party subpoena on Twilio through its registered agent located at 1201 Hays Street, Tallahassee, FL 32301. The subpoena requested that Twilio produce, among other things, call logs, transmission reports, and other documents and data sufficient to identify the total number of individuals who received text messages from Visionworks, which Petitioner will use to determine the total number of individuals who, after listing their telephone number on the National Do Not Call (DNC) registry received more than one text from Visionworks within a 12-month period, and the number of individuals who received text messages from Visionworks after making a request to Visionworks to not receive future text messages. Petitioner also requested documents reflecting the name, telephone number, and address of each individual who received any of the above referenced, prohibited communications from Visionworks, and documents sufficient to identify the total number of violative communications sent by Visionworks via its agent Twilio during the relevant time period. *See generally* **Exhibit D**.

**C. Meet and Confer Efforts Related to the Subpoena.**

On March 19, 2024, Twilio's counsel served written objections to the subpoena in a letter addressed to Petitioner's counsel. Twilio asserted numerous generalized objections to the subpoena, claiming it is:

- Subject to attorney-client privilege, while also refusing to provide a privilege log;
- Seeking documents that are confidential and proprietary in nature;
- Overly broad;
- Unduly burdensome;
- Vague and ambiguous;

4
**MOTION TO ENFORCE SUBPOENA**

- Seeking information and documents that are irrelevant.

*See* Letter from Twilio's Counsel dated March 19, 2024, attached hereto as **Exhibit E**.

Despite Petitioner's counsel's subsequent attempts to resolve the objections with Twilio's counsel, no agreement could be reached and Twilio maintained its objections and refusal to appear for deposition or produce the requested documents. *See* Email correspondence with Twilio's Counsel, attached hereto as **Exhibit F**. To date, Twilio has not produced any of the responsive materials nor appeared for deposition as requested in Petitioner's subpoena served in the Underlying Action.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena that commands a nonparty to "attend and testify" or "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). Under Rule 45(c), "[a] subpoena may command a person to attend a ... deposition ... within 100 miles of where the person resides, is employed, or regularly transacts business in person" and "may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A)-(c)(2)(A).

A nonparty served with a Rule 45 subpoena may challenge the subpoena in two ways: (1) serving objections to the subpoena or (2) filing a motion to quash or modify the subpoena or for a protective order. See Fed. R. Civ. P. 45(c)(2), (d). Following service of a subpoena, the nonparty may serve objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served," and if an objection is made, the serving party may move for an order compelling production or inspection. Fed. R. Civ. P. 45(c)(2)(B). The nonparty may be held in contempt for failing to obey the subpoena without adequate excuse. Fed. R. Civ. P. 45(e). Rule 45 provides, in pertinent part, that "[t]he court for the district where compliance is required . . . may

hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

"A subpoena is subject to the relevance requirements set forth in Federal Rule of Civil Procedure 26(b). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." *Molnar v. NCO Fin. Sys.*, No. 13cv131-BAS (JLB), 2014 U.S. Dist. LEXIS 93548, at *4 (S.D. Cal. July 8, 2014) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 26(b)(1)). "Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

### III. ARGUMENT

As explained in greater detail below, the Court should order Twilio to promptly produce all responsive documents and appear for deposition shortly after it has produced the responsive materials. Additionally, the Court should award to Petitioner his reasonable attorney's fees and costs, which he was forced to incur to prepare and file this motion, and which could have easily been avoided here. Given Twilio's refusal to respond to the subpoena, ordering it to pay Petitioner's attorneys' fees and costs for bringing this motion is an appropriate sanction.

Here, the subpoena to Twilio seeks non-privileged documents that are unquestionably relevant to Petitioner's claims in the Underlying Action. The documentation identified in the subpoena would, among other things, identify the total number of putative class members; shed light on the total amount of recoverable damages in the underlying Action; and allow Petitioner to make the required showing under Rule 23 to certify the class. *E.g.*, *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975) ("The propriety of a class action cannot be determined in some cases without

discovery."); *In re Facebook Privacy Litig.*, No. 5:10-cv-02389-RMW, 2015 U.S. Dist. LEXIS 75962, at *7 ("[P]laintiffs are allowed to take discovery about putative class members before filing a motion for class certification."). Moreover, Twilio is in possession of the records that identify each individual who received text messages on behalf of Visionworks. Twilio's objections set forth in the March 19 letter do not excuse its non-compliance with the subpoena or preclude the relief sought by Petitioner.

Further, Twilio's position that it "would be both premature and an unnecessary" for Twilio to comply with the subpoena because Petitioner has already requested similar information from Visionworks holds little weight. *See generally* **Exhibit F**. Petitioner requires the requested information from both Twilio and Visionworks to cross reference the information provided by both entities for accuracy and consistency. Unfortunately, because neither Visionworks nor Twilio have provided the requested information in the normal course of the Underlying Action, Petitioner must take enforcement action against both, and has also moved to compel discovery from Visionworks in the Underlying Action. Further, Twilio faces little burden in producing at least some of the requested information, particularly the text message logs Petitioner requests. According to its website, Twilio can export the text logs Plaintiff requests using its own BulkExport API feature that allow Twilio to easily export the text logs requested by Petitioner.

**A. Twilio's Objections are Insufficient.**

To begin with, a non-party's Rule 45(d)(2)(B) objections to a subpoena are subject to the same prohibition on general or boilerplate or unsupported objections and requirements that the objections must be made with specificity and that the responding party must explain and support its objections. It is "is well-settled that all grounds for objection must be stated with specificity." *Baykeeper v. Kramer Metals, Inc.*, 2009 U.S. Dist. LEXIS 136154, at *5 (C.D. Cal. Feb. 27, 2009) (internal citations and quotations omitted). "The familiar litany of general objections," such as vague, overly broad,

unduly burdensome, or oppressive, "will not alone constitute a successful objection ... nor will a general objection fulfill the objecting party's burden to explain its objections." *Baykeeper v. Kramer Metals, Inc.*, 2009 U.S. Dist. LEXIS 136154, at *5 (C.D. Cal. Feb. 27, 2009). A responding party cannot simply invoke generalized objections; rather, it must show specifically how each request is overly broad or unduly burdensome by submitting affidavits or offering evidence revealing the nature of the burden. *Acosta v. Sw. Fuel Mgmt.*, 2018 U.S. Dist. LEXIS 54680, at *11 (C.D. Cal. Mar. 28, 2018).

Here, Twilio's objections to the areas of inquiry and document requests rely on the same generalized boilerplate objections and do not explain how each asserted objection applies to each request being challenged. Furthermore, Twilio has not submitted an affidavit or other competent evidence to support its any of its generalized or even specific objections. As such, Twilio's objections are insufficient as a matter of law. *See Baykeeper*, at *5; *see also Acosta v. Sw. Fuel Mgmt.*, 2018 U.S. Dist. LEXIS 54680, at *11 (C.D. Cal. Mar. 28, 2018) ("A responding party cannot simply invoke generalized objections; rather, with respect to each of the propounding party's discovery requests, the responding party must show specifically how…each [request] is…overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.").

Simply objecting to document requests as overly broad, burdensome, oppressive or irrelevant, without showing specifically how each request is irrelevant, overly broad, unduly burdensome, or oppressive, is inadequate to voice a successful objection. In short, objections "must be made with specificity, and the responding party has the obligation to explain and support its objections. Here, Twilio's objections are not stated with specificity, and it has not satisfied its obligation to explain and support each of its objections.

    **i.**    **Subject to attorney-client privilege**

A party asserting a privilege, such as attorney-client privilege or work product privilege, must promptly prepare and serve a complete privilege log. *See* Fed. R. Civ. P. 26(b)(5). Twilio has refused to do so. Additionally, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." *O.L. v. City of El Monte*, 2021 WL 926105, at *2 (C.D. Cal. 2021) citing Rule 34(b)(2)(C). In most cases, when a party intends to assert privilege over a document to avoid production, "the party must . . . describe the nature of the documents [or] communications . . . not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). However, Twilio has failed to produce a privilege log here. *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Ct., Dist. Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) ("[C]ourts apply a holistic analysis taking into account several factors to determine whether the privilege has been waived." One of these factors is "the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged.").

None of Twilio's responses or objections state whether responsive materials are being withheld on the basis of any of its objections. Moreover, it is unclear how Twilio could possibly invoke the *attorney-client* privilege as to, for instance, text data shared by Twilio with third parties, including Visionworks.

### ii. Confidential, Private, or Proprietary Information

"To the extent that any privacy right exists over these records, [Plaintiff's] need for the records ... outweighs any privacy right possessed by" non-party Twilio. *See Mintz v. Mark Bartelstein & Associates, Inc.*, 885 F. Supp. 2d 987, 1001 (C.D. Cal. 2012) ("[T]he disclosure of telephone numbers, as well as the date, time, and duration of calls does not represent a significant intrusion of ... privacy."). Furthermore, Petitioner is willing

to enter into a protective order this case that should protect any applicable privacy rights.

While federal courts recognize a general right to privacy that can be raised in response to a discovery request, *Dowell v. Griffin,* 275 F.R.D. 613, 617 (S.D. Cal. 2011), "the right of privacy is not an absolute bar to discovery. The resolution of a privacy objection requires a balancing of the need for the information against the claimed privacy right." *Sung Gon Kang v. Credit Bureau Connection, Inc.*, 2020 WL 1689708, at *7 (E.D. Cal. 2020) citing *Austin v. Foodliner, Inc.*, No. 16-cv-07185-HSG (DMR), 2018 WL 116894, at *2 (N.D. Cal. 2018).

Regardless, the Court can remedy any potential concerns involving the disclosure or proprietary business information through the use of a protective order. *See Brawner v. Bank of Am., N.A.*, No. C 14-02702 YGR, 2014 WL 6845504, at *4 N.D. Cal. Dec. 4, 2014 (ordering disclosure of putative class members' names, addresses, telephone numbers, and email addresses pursuant to a protective order); *Artis v. Deere & Co.*, 276 F.R.D. 348, 353 (N.D. Cal. 2011) (ordering disclosure of putative class members' names, addresses, and phone numbers pursuant to a protective order); *Wellens v. Daiichi Sankyo Inc.*, No. C-13-00581-WHO (DMR), 2014 WL 969692, at *3 (N.D. Cal. Mar. 5, 2014) (ordering disclosure of putative class members' names, addresses, and phone numbers pursuant to the existing protective order). Moreover, "Plaintiff's need for the information significantly outweighs any privacy rights in the information." *See Artis*, 276 F.R.D. at 353.

### iii. Overly Broad

A party resisting discovery must show specifically how each document request is overly broad, unduly burdensome, or oppressive. This requires the resisting party to submit affidavits or offer evidence revealing the nature of the burden. Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate. Here, Twilio has not shown specifically how each document

requested is overly broad or unduly burdensome. Twilio has not submitted any affidavit or offered any evidence revealing the nature of the burden.

### iv.   **Unduly Burdensome**

To state a valid objection based on undue burden or expense, the party opposing discovery "has an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents." *In re Toys "R" Us-Delaware, Inc.*, No. ML 08-1980, 2010 U.S. Dist. LEXIS 130884, at *21-22 (C.D. Cal. July 29, 2010). Particularly relevant here, courts in this Circuit have explained that the party seeking protection from discovery "bears the burden of showing specific prejudice or harm will result if no protective order is granted . . . The showing must be particularized" as "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the" requirements of Rule 26(c). *Rad Power Bikes LLC v. JHR Elec. Transp. LLC*, 2019 U.S. Dist. LEXIS 89860, *2-3 (W.D. Wash. May 28, 2019). If it is claimed that certain requests are unduly burdensome, "[t]he responding party simply cannot invoke generalized objections; rather, with respect to each of the propounding party's discovery requests, the responding party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is . . . overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *In re Toys R Us*, at *21-22.

Twilio, however, has done none of that. Twilio simply provides the explanation that the information Petitioner seeks is also in the possession of Visionworks. Also, Twilio does not even attempt to quantify, through declarations or other competent evidence, the amount of time, money, or inconvenience that would ensue if required to answer discovery, and also fails to explain how complying with basic discovery would not be reasonable given the nature of this case and Twilio's immense resources. Twilio argues that it is too burdensome to produce responsive documents in light of the fact that Visionworks allegedly also has access to the requested information. However,

Twilio faces very little burden in producing the requested information, particularly the text message logs. Twilio, according to its own website, can export the text logs using its own BulkExport API feature that allow it to easily export the text logs Petitioner requests.[1]

### v. Vague/Ambiguous

When objecting to discovery as vague or ambiguous, the objecting party has the burden to show such vagueness or ambiguity. "The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity. The responding party should exercise common sense and attribute ordinary definitions to terms in discovery requests." *Bryant v. Armstrong*, 285 F.R.D. 596, 606 (S.D. Cal. 2012) (internal citation omitted); *See also Stingley v. Sacramento*, 2023 WL 6296867, at *3 (E.D. Cal. September 27, 2023); *Advanced Visual Image Design, LLC v. Exist, Inc.*, 2015 WL 4934178, at *6 (C.D. Cal. August 18, 2015). A party objecting on these grounds must explain the specific and particular way in which a request is vague. And where the responding party truly believes that a discovery request is vague, it should attempt to obtain clarification prior to objecting on this ground. Twilio has not done that here.

### vi. Irrelevant

As a general rule, Because the concept of relevancy is broader in the discovery context than in the trial context, a party is able to discover relevant evidence that would be inadmissible at trial, as long as it may lead to the discovery of admissible evidence. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ...." Fed.R.Civ.P. 26(b)(1). The scope of discovery permissible under Rule 26 should be liberally construed; the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matter

---

[1] https://urldefense.com/v3/__https:/help.twilio.com/articles/223183588-Exporting-SMS-and-Call-Logs__;!!KDBJ75Mt!ZuU2vNmM2qIVRk61MreSyLifk4R2w9Gtm7Ze5QcniMhbFGA_UZSEP48YQB9gbLBWekA4D4_rwmpQXTfMR-MxRQ$ (last visited May 21, 2024).

12
**MOTION TO ENFORCE SUBPOENA**

that could bear on any issue that is or may be raised in a case. *Board of Trustees of Leland Stanford Junior University v. Roche Molecular Systems, Inc.*, 237 F.R.D. 618, 621 (N.D. Cal. 2006).

Twilio objects to Petitioner's requests arguing in nearly every response that the request "appears to seek information not relevant to the underlying litigation." This is not a proper objection. If Twilio believes that the documents being sought are truly not reasonably calculated to lead to *any* claim or defense, then it should make a specific objection explaining how and to what extent the requested documents are not relevant and discoverable under the Rule 26(b) standard. Twilio has not done so.

**Call logs:** Call logs, outbound dial lists, and the sorts of class data requested in Petitioner's requests for production are discoverable at this stage of the litigation because they are relevant to the issues of numerosity and commonality. The names and contact information of putative class members are relevant to the numerosity, commonality, and typicality prongs of Rule 23 and are therefore discoverable at this stage of the litigation as materials essential to Petitioner's forthcoming motion for class certification. This is one of the main reasons why such discovery is routinely allowed before class certification. *See Artis*, 276 F.R.D. at 352 ("The disclosure of names, addresses, and telephone numbers is a common practice in the class action context."); *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (finding that pre-certification class discovery would " be useful to the plaintiff to determine, at minimum, the commonality and typically prongs of Rule 23.").

Indeed, many courts have concluded that "outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable." *Doherty v. Comenity Capital Bank*, No. 16cv1321-H-BGS, 2017 U.S. Dist. LEXIS 70873, at 9-10 (S.D. Cal. May 9, 2017); *see also Stemple v. QC Holdings, Inc.*, No. 12-CV-1997-CAB WVG, 2013 U.S. Dist. LEXIS 99582, 2013 WL 10870906, at *2 (S.D. Cal. June 17, 2013) (outbound dial lists "will

provide Plaintiff a means to ascertain which of the numbers dialed within the statutory term are cellular telephone numbers called by an autodialer"); *Cahill v. GC Servs., Ltd. P'ship*, No. 3:17-cv-01308-GPC-MDD, 2018 U.S. Dist. LEXIS 63918, at *13-14 (S.D. Cal. Apr. 16, 2018)("RFPs 10-13 and 18 are relevant at least to the issues of numerosity and commonality. The lists are reasonably calculated to identify the number of recipients of calls made during the class period, which is crucial to determine whether the class is so numerous to make joinder impracticable."); *Mbazomo v. ETourandTravel, Inc.*, No. 2:16-cv-02229-SB, 2017 U.S. Dist. LEXIS 82411, at *13-14 (E.D. Cal. May 26, 2017)("the Court agrees with the weight of authority on this matter that call logs and dialing lists are relevant to [the] commonality prong of the class certification inquiry…The requested list would also be relevant to Plaintiff's need to show numerosity.")(internal quotations omitted).

District courts have often noted, when considering objections to production of call logs, that many TCPA defendants regularly produce call logs and outbound dial lists. *See, e.g., Webb v. Healthcare Revenue Recovery Grp. LLC*, No. C. 13-00737 RS, 2014 U.S. Dist. LEXIS 11091, at *2-3 (N.D. Cal. Jan. 29, 2014); *accord Ossola v. American Express Company*, 2015 U.S. Dist. LEXIS 117531, at *7 (N.D. Ill. E.D. 2015) ("Call data is relevant, and thus produced as standard practice..."). A responding party "cannot decide what discovery they wish to provide and what discovery they refuse to provide based on their view as to whether the requested discovery is 'premature.' Unless there has been a bifurcation (or an agreement to bifurcate approved by the court) or stay of discovery, defendants must respond fully and completely to all discovery requests. This applies to all discovery relating to both class certification and merits issues." *Bigverdi v. Countrywide Bank*, 2008 U.S. Dist. LEXIS 137523, at *3 n.1 (C.D. Cal. Dec. 1, 2008).

**Consent Evidence**: Consent evidence and any materials bearing on whether Visionworks obtained consent are discoverable because they are relevant to Petitioner's ability to satisfy Rule 23(a)'s requirements for class certification. *See McCurley v. Royal*

*Seas Cruises, Inc.*, 331 F.R.D. 142, 173 (S.D. Cal. 2019)(noting the broad consensus that "[e]vidence of consent strongly affects the Court's predominance analysis."); *Doherty*, 2017 U.S. Dist. LEXIS 70873, at *15 (S.D. Cal. May 9, 2017)(overruling defendant's objections to producing consent documents because plaintiffs are "entitled to develop classwide evidence/a common method of proof that could address the issue of prior express consent," and the requested "information and documents are relevant to the defenses at issue, as well as Rule 23(b)(3) predominance at class certification").

**Prematurity:** Moreover, the requested discovery is not premature. The Court's Scheduling Order and Class Certification Order in the Underlying Action did not bifurcate or stay discovery. As one court aptly put it, "defendants cannot decide what discovery they wish to provide and what discovery they refuse to provide based on their view as to whether the requested discovery is 'premature.' Unless there has been a bifurcation (or an agreement to bifurcate approved by the court) or stay of discovery, defendants must respond fully and completely to all discovery requests. This applies to all discovery relating to both class certification and merits issues." *Bigverdi v. Countrywide Bank*, 2008 U.S. Dist. LEXIS 137523, at *3 n.1 (C.D. Cal. Dec. 1, 2008).

**Policies, Procedures, and Manuals:** Objections to production of a third-party marketing vendor's relevant policies, procedures, and manuals have been rejected by courts in the Ninth Circuit when considering the proper scope of discovery in the context of a TCPA class action, noting that such materials are relevant to the issue of consent as well as commonality and predominance. As one court observed, defendant's manuals and policies for procuring and dialing the numbers of the call recipients are "not only relevant to the issue of prior express consent, but also to the Rule 23 issues of commonality and predominance." *Doherty*, 2017 U.S. Dist. LEXIS 70873, at *23.

**Source and/or Acquisition of Telephone Numbers:** These materials are discoverable because they are relevant to the issue of consent and the court's interconnected predominance analysis. Specifically, if Visionworks acquired Petitioner's

15
**MOTION TO ENFORCE SUBPOENA**

telephone number, and the class members' numbers, indirectly through a lead aggregator or some other source, and then takes the position that this third-party, not Visionworks, obtained the necessary consent documents, Petitioner may take discovery on these topics.

## IV. CONCLUSION

Despite being properly served with Petitioner's subpoena commanding production of relevant documents and attendance at a deposition, Twilio has failed to comply. To date, it has not produced the responsive documents, appeared for deposition, nor moved to quash the subpoena. For the foregoing reasons, Petitioner's Motion to Enforce should be granted in its entirety and the Court should award Petitioner a reasonable sum for the fees and costs he incurred to obtain Twilio's compliance via this proceeding.

**WHEREFORE**, Petitioner Anthony Lawson respectfully requests an order: (1) compelling Respondent Twilio to comply with the Petitioner's subpoena by producing the requested documents and appearing for deposition; (2) requiring Twilio to pay the reasonable attorneys' fees and costs incurred by Petitioner and his counsel in bringing this motion, and (3) awarding any other relief the Court deems just and necessary. If the Court is inclined to award fees and costs, Petitioner respectfully requests that she be allowed ten days to submit the necessary information and documentation to support such an award.

Dated: May 24, 2024

              Respectfully submitted,

              By: */s/ Scott Edelsberg*

              **EDELSBERG LAW, P.A.**
              Scott Edelsberg, Esq. (CA Bar No. 330990)
              1925 Century Park E #1700
              Los Angeles, CA 90067

Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Petitioner and the Proposed Class*