# EXHIBIT D

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| ANTHONY LAWSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VISIONWORKS OF AMERICA, INC.,<br><br>Defendant. | Case No.: 6:23-cv-01566-WWB-EJK<br><br>Hon. Wendy Berger<br><br>Magistrate Judge Embry Kidd |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS AND TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:   TWILIO INC.
      Attn: CORPORATION SERVICE COMPANY
      1201 HAYS STREET
      TALLAHASSEE, FL 32301

*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **the documents identified in Exhibit A.**

| Place: | Date and Time: |
|---|---|
| **Veritext Legal Solutions,<br>101 Montgomery St #450,<br>San Francisco, CA 94104**<br><br>**OR**<br><br>**Christopher Berman, Esq.**<br>cberman@shamisgentile.com<br>**Garrett Berg, Esq.**<br>gberg@shamisgentile.com<br>**Shamis & Gentile, P.A.**<br>**14 NE 1st Ave Suite 705**<br>**Miami, FL 33132** | **April 3, 2024<br>10:00 a.m.** |

*Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **the matters identified in Exhibit B.**

Place:                                                                                        Date and Time:

| **Via Video Deposition** <br> **(meeting ID and password to be provided)** | **May 3, 2024** <br> **10:00 a.m.** |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  March 4, 2024

                *CLERK OF COURT*

                                                                                                        */s/Andrew J. Shamis*

       *Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:

Andrew J. Shamis, Esq, 14 N.E. 1st Ave STE 705, Miami FL 33132, ashamis@shamisgentile.com, (305) 479-2299

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)**

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**I.     DEFINITIONS**

1. All/Each.  The terms "all" and "each" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2. And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. "Communication" or "communications" means any exchange of information, words, numbers, pictures, charts, studies, or graphs by any means of transmission, sending, or receipt of information of any kind by or through any means, including, but not limited to, personal delivery, speech, writings, documents, language (machine, foreign, or otherwise) of any kind, computer electronics or ESI (as defined below), sound, radio, or video signals, telecommunication, telephone, teletype, facsimile, mail, telegram, microfilm, microfiche, photographic film of all types, or other media of any kind.  "Communication" or "communications" also includes, but is not limited to, all inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, press, publicity, or trade releases.

4. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

5. "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, Internet message board posting, Blackberry message, iMessage, or any other writing containing a communication from one person to another.

6. "Defendant" means VISIONWORKS OF AMERICA, INC., and any of its present and former divisions, segments, subsidiaries, parents, affiliates, predecessors, successors

and assignees; their present and former officers, directors, partners, employees, agents, consultants, accountants, and lawyers; and all other persons who are acting or who have acted on behalf of or who are or have been subject to the direction or control of Defendant.

7. "Document" is used in the broadest possible sense and means, without limitation, any written electronic, printed, typed, photostated, photographed, recorded, or otherwise reproduced matter of any kind, including the originals and all non-identical copies thereof (whether different from the originals by reason of any notation made on such copies or otherwise) including, without limitation, minutes, agendas, contracts, agreements, reports, summaries, presentations, interoffice and intra-office communications, offers, notations of any sort of conversations, diaries, appointment books or calendars, teletypes, thermofax, confirmations, and all drafts, alterations, modifications, changes and amendments to any of the foregoing, and all graphic, electronic, or manual records or representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotape, motion pictures and electronics, mechanical or electronic records or representations of any kind, including, without limitation, tapes, cassettes, discs, magnetic cards and other such recordings.

8. "Including" means "including but not limited to."

9. "Person" shall mean any natural person, entity, corporation, partnership, association, joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

10. "Plaintiff" shall mean Anthony Lawson, the Plaintiff identified in the Complaint.

11. "Relate" or "relating to" mean having any connection, association or concern with, or any relevance, relations, pertinence or applicability to, or any implication for or bearing

upon the subject matter of the topic and shall be construed to include summarize, constitute, refer, reflect, pertain, contain, study, analyze, consider, involve, explain, evidence, mention, support, contradict, show, discuss, describe or comment upon.

12. "Subject Text Message" shall mean the text messages sent to Plaintiff as identified in Plaintiff's Complaint.

13. "Text Message(s)" shall mean a text message sent to a mobile telephone that is the same or contains similar wording as the Subject Text Message.

14. The use of the singular form of any word includes the plural and vice versa.

15. "You" shall mean TWILIO INC.

## II. RELEVANT TIME PERIOD

Unless otherwise specifically indicated, the relevant time period is four years from date of the Complaint to present.

## III. DOCUMENTS REQUESTED

1. All documents and communications regarding text messaging services provided by You to Defendant.

2. All contracts and agreements between You and Defendant (including anyone acting on behalf of Defendant) regarding text messaging services.

3. All documents and communications relating to Plaintiff or telephone number (443) 759-1613.

4. All text messages transmitted on behalf of Defendant.

5. All documents and communications relating to consent to transmit text messages on behalf of Defendant to Plaintiff or telephone number (443) 759-1613.

6. All documents regarding Defendant's promotions involving text messages.

7. All text messages transmitted to Plaintiff or telephone number (443) 759-1613.

8. All text messages received from Plaintiff or telephone number (443) 759-1613.

9. Documents sufficient to identify all recipients of text messages transmitted by you on behalf of Defendant including, but not limited to, transmission reports or logs.

10. Documents sufficient to identify all text messages received by You from persons You messaged on behalf of Defendant.

11. All documents regarding consent to transmit text messages on behalf of Defendant.

12. All documents regarding Your processes and procedures for processing requests to not receive future text messages, including the parameters and/or criteria used to determine what constitutes a request not to receive future text messages.

13. All do-not-call lists (including internal do-not-call lists) concerning Defendant.

14. All documents and communications exchanged between You and Defendant concerning do-not-call lists and requests to not receive future text messages.

15. All formal or informal complaints regarding text messages transmitted on behalf of Defendant.

16. The list(s) identifying the target name and/or phone number for all text messages transmitted on behalf of Defendant. Plaintiff is willing to discuss alternatives to full names and alternatives to full phone numbers if privacy is a concern.

17. All policies and procedures You maintain relating to Telephone Consumer Protection Act compliance.

18. All documents and communications regarding the creation, content and/or transmission of text messages on behalf of Defendant.

19. All documents and communications regarding the safeguards in place to ensure that text messages are sent only to people that consented to receive them.

20. All documents and communications regarding the criteria used to select recipients to receive text messages relating to Defendant.

21. All contracts and agreements regarding the transmission of text messages on behalf of Defendant.

22. All disposition reports identifying whether messages were among other things, text messages sent on behalf of Defendant were delivered, not delivered, unsent or undeliverable.

## Exhibit B

## AREAS OF INQUIRY

1. Documents and communications relating to services provided by You to Defendant.

2. Contracts and agreements between You and Defendant.

3. Documents and communications relating to Plaintiff or telephone number (443) 759-1613.

4. Documents and communications relating to consent to transmit text messages on behalf of Defendant to Plaintiff or telephone number (443) 759-1613.

5. Documents and communications relating to Plaintiff or telephone number (443) 759-1613.

6. Documents relating to Defendant's promotions or advertisements involving text messages.

7. Text messages transmitted to Plaintiff or telephone number (443) 759-1613.

8. Text messages received from Plaintiff or telephone number (443) 759-1613.

9. Documents sufficient to identify all recipients of Text messages transmitted by you on behalf of Defendant including, but not limited to, transmission reports or logs.

10. Your processes and procedures for processing requests to not receive future text messages from Defendant, including the parameters and/or criteria used to determine what constitutes a request not to receive future text messages.

11. Documents relating to consent to transmit text messages on behalf of Defendant.

12. All formal or informal complaints relating to text messages transmitted on behalf

of Defendant.

13. The list(s) identifying the target name and/or phone number for all text messages transmitted on behalf of Defendant.

14. Policies and procedures You maintain relating to Telephone Consumer Protection Act compliance.

15. Documents and communications relating to the creation, content and/or transmission of text messages on behalf of Defendant.

16. Documents and communications relating to the safeguards in place to ensure that text messages are sent only to people that consented to receive them.

17. Documents and communications relating to the criteria used to select recipients to receive text messages relating to Defendant.

18. Contracts and agreements relating to the transmission of text messages on behalf of Defendant.

19. All disposition reports identifying whether messages were among other things, delivered, not delivered, unsent or undeliverable.

Dated: March 4, 2024

Respectfully Submitted,

          **Shamis & Gentile, P.A.**
          /s/ Andrew J. Shamis
          Andrew J. Shamis, Esq.
          Florida Bar No. 101754
          ashamis@shamisgentile.com
          14 NE 1st Avenue, Suite 705
          Miami, FL 33132
          Telephone: 305-479-2299

Jacob L. Phillips (FBN: 120130)
jacob@jacobsonphillips.com
Joshua R. Jacobson (FBN: 1002264)
joshua@jacobsonphillips.com
**JACOBSON PHILLIPS PLLC**
478 E. Altamonte Dr., Ste. 108-570
Altamonte Springs, FL 32701
Telephone: (407) 720-4057
Fax: (407) 612-2206