# EXHIBIT E



Alana Mannige
Twilio Inc.
101 Spear St. 5th Floor
San Francisco, CA 94105

**Via Email (cberman@shamisgentile.com and gberg@shamisgentile.com)**

March 19, 2024

Christopher Berman Esq.
Garrett Berg, Esq.
Shamis & Gentile, P.A
14 NE 1st Ave Suite 705
Miami, FL 33132
305-479-2299

Re:   Twilio Inc.'s Objections and Response to the Subpoenas Served in Connection with *Anthony Lawson, individually and on behalf of all others similarly situated v. Visionworks of America, Inc.,* Case No. 6:23-cv-01566-WWB-EJI, United States District Court, Middle District of Florida

Dear Mr. Berman and Mr. Berg,

Non-party Twilio Inc. ("Twilio") hereby objects and responds to the subpoenas served on it in connection with the above-referenced matter (the "Subpoenas").  Please contact me at amannige@twilio.com in order to schedule a meet-and-confer to discuss the Subpoenas.

**PRELIMINARY STATEMENT**

Twilio makes its responses to the Subpoenas without waiving, or intending to waive, but on the contrary, preserving and intending to preserve: (i) Twilio's right to further object, on the grounds of admissibility, authenticity, competency, confidentiality, materiality, privilege, relevancy, or any other proper grounds, to the use of any documents or information for any purpose in whole or in part, in any subsequent proceeding in this or any other action; (ii) the right to object on any and all grounds, at any time, to other requests or discovery procedures involving or relating to the subject matter of the Subpoenas; and (iii) the right at any time to revise, correct, supplement, or clarify any of the responses made herein as required by the Federal Rules Procedure. Nothing contained in these responses is intended as, or shall in any way be deemed, a waiver of any privilege, protection, or immunity, including without limitation, the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, and the common interest privilege or any other applicable privilege, protection or immunity afforded by law. Twilio's responses and objections are conditioned specifically on the understanding that inadvertent disclosure of privileged or otherwise protected information is not intended to be, and may not be construed as, a waiver of any privilege, protection, immunity or any other ground for objecting to discovery with respect to such request, or the subject matter thereof, or the response thereto. Twilio reserves the right to supplement its responses to the Subpoenas.



## GENERAL OBJECTIONS TO DOCUMENT SUBPOENA

1.     Twilio objects to the Subpoena to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other privilege, protection or immunity. Any inadvertent disclosure of such information is not intended and shall not be construed or deemed to constitute a waiver, either generally or specifically, in whole or in part, with respect to such information, or the subject matter thereof. As a non-party, Twilio objects to the creation of a privilege log as that would impose an undue burden.

2.     Twilio objects to the Subpoena to the extent that it seeks information that constitutes or contains trade secrets or other confidential, research, development, proprietary, or sensitive commercial or private information the disclosure of which would frustrate the expectation of privacy held by Twilio or any other person. Twilio will not disclose such information in response to the Subpoena until an appropriate protective order is entered by the Court in this action.

3.     Twilio objects to the Subpoena to the extent that it calls for the disclosure of information protected from disclosure by federal and/or state law, including, but not limited to the Electronic Communications Privacy Act.  In particular, numerous requests below appear to request the content of text messages.  Twilio by law cannot produce the content of communications in a civil litigation.  *See, e.g.*, 18 U.S.C. § 2702.

5.     Twilio objects to the Subpoena to the extent it attempts to impose obligations upon Twilio beyond those required by the Federal Rules of Civil Procedure.

6.     Twilio objects to each and every demand in the Subpoena on the grounds, and to the extent, that they assume certain facts. By responding to the Subpoena, Twilio does not admit or agree with any of the matters contained in the Subpoena, or that any purported fact is true or exists.

## SPECIFIC RESPONSES TO DOCUMENTS REQUESTED

**Request No. 1:** All documents and communications regarding text messaging services provided by You to Defendant.

**Objections and Response to Request No. 1**: Twilio incorporates herein by reference its General Objections.  Twilio objects to this Request to the extent that it seeks to impose an undue burden and disproportionate burden on non-party Twilio, and prematurely seeks information from a non-party before first seeking such information from Defendant. Twilio further objects to this Request to the extent that it seeks the content of communications, which Twilio by law cannot produce in a civil litigation.  *See, e.g.*, 18 U.S.C. § 2702.  Twilio objects to this Request to the extent that it seeks information that constitutes or contains confidential and sensitive commercial information, the disclosure of which would frustrate the expectation of privacy held by Twilio or any other person.  Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation; it is not limited to messaging services relevant to the matter. Twilio further objects to the phrase "services provided" as vague and ambiguous.  Without waiving the foregoing objections, and as Twilio understands this request, Twilio directs Plaintiff to its publicly-accessible documentation relating to the functionality of its API, and to Defendant, who is a party to this action and best positioned to explain how it used Twilio's services. Twilio's public documentation is available at https://www.twilio.com/docs/api.   In light of the



foregoing response and objections, Twilio does not intend to produce any records in response to this Request.

**Request No. 2:** All contracts and agreements between You and Defendant (including anyone acting on behalf of Defendant) regarding text messaging services.

**Objections and Response to Request No. 2:** Twilio incorporates herein by reference its General Objections. Twilio objects to this Request to the extent that it seeks to impose an undue and disproportionate burden on non-party Twilio, and prematurely seeks information from a non-party before first seeking such information from Defendant. Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation. Without waiving the foregoing objections, Twilio states that, in general, Twilio customers' use of Twilio's products and services are generally governed by Twilio's terms of service and acceptable use policy during the relevant time period. Twilio's terms of service can be found at: https://www.twilio.com/legal/tos. Twilio's acceptable use policy can be found at: https://www.twilio.com/legal/aup.

**Request No. 3:** All documents and communications relating to Plaintiff or telephone number (443) 759-1613.

**Objections and Response to Request No. 3:** Twilio incorporates herein by reference its General Objections. Twilio objects to this Request to the extent that it seeks to impose an undue burden and disproportionate burden on non-party Twilio, when Defendant would have all relevant information here to the extent such information exists. Twilio further objects to this Request to the extent that it seeks the content of communications, which Twilio by law cannot produce in a civil litigation. See, e.g., 18 U.S.C. § 2702. Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation; it is not limited to documents related to any claims or defenses in the litigation. In light of the foregoing objections, Twilio does not intend to produce any records in response to this Request.

**Request No. 4:** All text messages transmitted on behalf of Defendant.

**Objections and Response to Request No. 4:** Twilio incorporates herein by reference its General Objections. Twilio objects to this Request to the extent that it seeks to impose an undue and disproportionate burden on non-party Twilio, and prematurely seeks information from a non-party before first seeking such information from Defendant. In particular, Twilio customers have access to their own text message records by way of the Twilio account console and/or Twilio's APIs. Additionally, you have requested message content. Federal law prohibits Twilio from producing message content. See, e.g., 18 U.S.C. § 2702 and related laws. Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation because it is not limited to text messages sent to Plaintiff and within the scope of the claims and defenses of the litigation. In light of the foregoing objections, Twilio does not intend to produce any records in response to this Request.

**Request No. 5:** All documents and communications relating to consent to transmit text messages on behalf of Defendant to Plaintiff or telephone number (443) 759-1613.

**Objections and Response to Request No. 5:** Twilio incorporates herein by reference its General Objections. Twilio objects to this Request to the extent that it seeks to impose an undue and disproportionate burden on non-party Twilio. Twilio further objects to this Request to the extent that it seeks the content of communications, which Twilio by law cannot produce in a civil litigation. See, e.g., 18 U.S.C. § 2702. Twilio further objects to this Request in that it is overly broad as it seeks "all



documents and communications." Twilio further objects to this request to the extent that it seeks information not within its possession, custody or control.   Without waiving the foregoing objections, Twilio directs Plaintiff to Twilio's Acceptable Use Policy, available at https://www.twilio.com/en-us/legal/aup, and  its Messaging Policy, available at https://www.twilio.com/en-us/legal/messaging-policy, which require Twilio customers to obtain consent prior to initiating the sending of any text messages.

**Request No. 6:** All documents regarding Defendant's promotions involving text messages.

**Objections and Response to Request No. 6:** Twilio incorporates herein by reference its General Objections.  Twilio objects to this Request to the extent that it seeks to impose an undue burden and disproportionate burden on non-party Twilio, and prematurely seeks information from a non-party before first seeking such information from Defendant.  In particular, Twilio customers have access to their own text message records by way of the Twilio account console and/or Twilio's APIs.  Twilio further objects to this Request to the extent that it seeks the content of communications, which Twilio by law cannot produce in a civil litigation.  See, e.g., 18 U.S.C. § 2702.  Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation as it is not limited to messages related to the claims and defenses in the litigation. In light of the foregoing objections, Twilio does not intend to produce any additional records in response to this Request.

**Request No. 7:** All text messages transmitted to Plaintiff of telephone number (443) 759-1613.

**Objections and Response to Request No. 7:** Twilio incorporates herein by reference its General Objections.  Twilio objects to this Request to the extent that it seeks to impose an undue burden and disproportionate burden on non-party Twilio by seeking documents from Twilio before seeking such documents from Defendant, a party to this litigation who would have all relevant documents here, to the extent that any exist. Additionally, you have requested message content. Federal law prohibits Twilio from producing message content. See, e.g., 18 U.S.C. § 2702 and related laws.  Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation; it is not limited to text messages sent by Defendant.  In light of the foregoing objections, Twilio does not intend to produce any additional records in response to this Request.

**Request No. 8:**  All text messages received from Plaintiff or telephone number (443) 759-1613.

**Objections and Response to Request No. 8:** Twilio incorporates herein by reference its General Objections.  Twilio objects to this Request to the extent that it seeks to impose an undue burden and disproportionate burden on non-party Twilio. Plaintiff should have copies of all messages they sent. Additionally, you have requested message content. Federal law prohibits Twilio from producing message content. See, e.g., 18 U.S.C. § 2702 and related laws.  Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation; it is not limited to text messages sent by Defendant.  In light of the foregoing objections, Twilio does not intend to produce any additional records in response to this Request.

**Request No. 9:** Documents sufficient to identify all recipients of text messages transmitted by you on behalf of Defendants including, but not limited to, transmission reports or logs.

**Objections and Response to Request No. 9**: Twilio incorporates herein by reference its General Objections.  Twilio objects to this Request to the extent that it seeks to impose an undue burden and disproportionate burden on non-party Twilio, and prematurely seeks information from a non-party before first seeking such information from Defendant.  In particular, Twilio customers have access to their own



text message records by way of the Twilio account console and/or Twilio's APIs. Twilio objects to this Request to the extent it seeks information outside of its possession, custody, or control (Defendant, not Twilio, would be aware of the identity of any intended message recipients). Twilio further objects to this Request to the extent that it seeks the content of communications, which Twilio by law cannot produce in a civil litigation. *See, e.g.*, 18 U.S.C. § 2702.   Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation, e.g., because it is not limited to messages transmitted to Plaintiff. In light of the foregoing objections, Twilio does not intend to produce any additional records in response to this Request.

**Request No. 10:** Documents sufficient to identify all text messages received by You from persons You messaged on behalf of Defendant.

**Objections and Response to Request No. 10**:  Twilio incorporates herein by reference its General Objections. Twilio objects to this Request as inappropriate because it seeks information that, to the extent it exists and is relevant, would be in the possession of Defendant. In particular, Twilio customers have access to their own text message records by way of the Twilio account console and/or Twilio's APIs. Additionally, you have requested message content. Federal law prohibits Twilio from producing message content. See, e.g., 18 U.S.C. § 2702 and related laws. Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation and that is not within Twilio's possession, custody, or control. In light of the foregoing objections, Twilio does not intend to produce documents in response to this Request.

**Request No. 11:** All documents regarding consent to transmit text messages on behalf of Defendant.

**Objections and Response to Request No. 11:** Twilio incorporates herein by reference its General Objections.  Twilio objects to this Request to the extent that it seeks to impose an undue burden and disproportionate burden on non-party Twilio, and prematurely seeks information from a non-party before first seeking such information from Defendant.  In particular, Twilio customers have access to their own text message records by way of the Twilio account console and/or Twilio's APIs. Twilio further objects to this Request to the extent that it seeks the content of communications, which Twilio by law cannot produce in a civil litigation.  See, e.g., 18 U.S.C. § 2702.  Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation. Twilio further objects to this request to the extent that it seeks information not within its possession, custody or control. Without waiving the foregoing objections, Twilio directs Plaintiff to Twilio's Acceptable Use Policy, available at https://www.twilio.com/en-us/legal/aup, and its Messaging Policy, available at https://www.twilio.com/en-us/legal/messaging-policy, which require Twilio customers to obtain consent prior to initiating the sending of any text messages.

**Request No. 12:**  All documents regarding Your processes and procedures for processing requests to not receive future text messages, including the parameters and/or criteria used to determine what constitutes a request not to receive future text messages.

**Objections and Response to Request No. 12**: Twilio incorporates herein by reference its General Objections. Twilio objects to this Request to the extent that it seeks to impose an undue and disproportionate burden on non-party Twilio, and prematurely seeks information from a non-party before first seeking such information from Defendant. Twilio objects to this Request to the extent that it seeks to impose an undue burden on non-party Twilio in that it seeks "[a]ll documents and communications" relating to a category of information. Twilio further objects to the extent it seeks information that is not within the possession, custody, or control of Twilio. Twilio further objects to this Request in that it is



overly broad and appears to seek information not relevant to the underlying litigation. Without waiving the foregoing objections, and as Twilio understands this Request, Twilio directs Plaintiff to certain publicly-accessible documentation relating to the functionality of its API. This documentation includes
https://www.twilio.com/legal/messaging-policy
https://www.twilio.com/sms,
https://www.twilio.com/docs/apihttps://support.twilio.com/hc/en-us/articles/360034798533-Getting-Started-with-Advanced-Opt-Out-for-Messaging-Services, and
https://www.twilio.com/hc/en-us/ahttps://support.twilio.com/hc/en-us/articles/223134027-Twilio-support-for-opt-out-keywords-SMS-STOP-filtering-rticles/223134027-Twilio-support-for-opt-out-keywords-SMS-STOP-filtering.

**Request No. 13:** All do-not-call lists (including internal do-not-call lists) concerning Defendant.

**Objections and Response to Request No. 13**: Twilio incorporates herein by reference its General Objections. Twilio objects to this Request as inappropriate because it seeks information that, to the extent it exists and is relevant, would be in the possession of Defendant.  In particular, Twilio customers have access to their own text message records and do not call lists by way of the Twilio account console and/or Twilio's APIs. Additionally, you have requested message content. Federal law prohibits Twilio from producing message content. See, e.g., 18 U.S.C. § 2702 and related laws. Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation and that is not within Twilio's possession, custody, or control. In light of the foregoing objections, Twilio does not intend to produce documents in response to this Request.

**Request No. 14:** All documents and communications exchanged between You and Defendant concerning do-not-call lists and requests to not receive future text messages.

**Objections and Response to Request No. 14:**  Twilio incorporates herein by reference its General Objections. Twilio objects to this Request as inappropriate because it seeks information that, to the extent it exists and is relevant, would be in the possession of Defendant.  In particular, Twilio customers have access to their own text message records and do not call lists by way of the Twilio account console and/or Twilio's APIs. Additionally, you have requested message content. Federal law prohibits Twilio from producing message content. See, e.g., 18 U.S.C. § 2702 and related laws. Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation and that is not within Twilio's possession, custody, or control. In light of the foregoing objections, Twilio does not intend to produce documents in response to this Request.

**Request No. 15:** All formal or informal complaints regarding text messages transmitted on behalf of defendant.

**Objections and Response to Request No. 15:** Twilio incorporates herein by reference its General Objections. Twilio objects to this Request to the extent that it seeks to impose an undue and disproportionate burden on non-party Twilio, and prematurely seeks information from a non-party before first seeking such information from Defendant.  In particular, Defendant would have access to any complaints to the extent they exist, and in general Twilio customers have access to their own text message records by way of the Twilio account console and/or Twilio's APIs. Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation (e.g., it is not limited to messages transmitted to Plaintiff, nor is it clear how the sought complaints would be relevant to any claim or defense in this lawsuit, to the extent that any such complaints exist) and not within Twilio's possession, custody, or control. In light of the foregoing objections, Twilio does not intend to produce documents in response to this Request.



**Request No. 16:** The list(s) identifying the target name and/or phone number for all text messages transmitted on behalf of Defendant. Plaintiff is willing to discuss alternatives to full names and alternatives to full phone numbers if privacy is a concern.

**Objections and Response to Request No. 16:** Twilio incorporates herein by reference its General Objections. Twilio objects to this Request to the extent that it seeks to impose an undue and disproportionate burden on non-party Twilio, and prematurely seeks information from a non-party before first seeking such information from Defendant. In particular, Twilio customers have access to their own text message records by way of the Twilio account console and/or Twilio's APIs. Twilio objects to this Request to the extent it seeks information outside of its possession, custody, or control (Defendant, not Twilio, would be aware of the identity/names of any intended message recipients). Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation (e.g., it is not limited to messages sent to Plaintiff) and not within Twilio's possession, custody, or control. Twilio further objects to the phrase "target name" as vague and ambiguous. In light of the foregoing objections, Twilio does not intend to produce documents in response to this Request.

**Request No. 17:** All policies and procedures You maintain relating to Telephone Consumer Protection Act compliance.

**Objections and Response to Request No. 17:** Twilio incorporates herein by reference its General Objections. Twilio objects to this Request to the extent that it seeks to impose an undue burden on non-party Twilio by seeking "[a]ll policies and procedures" related to a category of information when Twilio's policies and procedures are not at issue in the underlying litigation. Twilio further objects to the Request in that it is overly broad and appears to seek information not relevant and not proportional to the underlying litigation, which involves Defendant's own compliance with the TCPA. Twilio further objects to this request to the extent it seeks confidential business information and/or documents protected by the attorney-client privilege. Without waiving the foregoing objections, and as Twilio understands this Request, Twilio directs Plaintiff to certain publicly-accessible documentation relating to TCPA compliance. This documentation includes:
https://www.twilio.com/docs/glossary/what-is-telephone-consumer-protection-act-tcpa
https://support.twilio.com/hc/en-us/articles/223181808-Restricted-SMS-message-types-using-Twilio
https://www.twilio.com/learn/call-and-text-marketing/best-practices-text-sms-marketing
https://www.twilio.com/legal/aup

**Request No. 18:** A11 documents and communications regarding the creation, content and/or transmission of text messages on behalf of Defendant.

**Objections and Response to Request No. 18:** Twilio incorporates herein by reference its General Objections. Twilio objects to this Request as inappropriate because it seeks information that, to the extent it exists and is relevant, would be in the possession of Defendant. In particular, Twilio customers have access to their own text message records by way of the Twilio account console and/or Twilio's APIs. Additionally, you have requested message content. Federal law prohibits Twilio from producing message content. See, e.g., 18 U.S.C. § 2702 and related laws. Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation and that is not within Twilio's possession, custody, or control. In light of the foregoing objections, Twilio does not intend to produce documents in response to this Request.

**Request No. 19:** All documents and communications regarding the safeguards in place to ensui-e that text messages are sent only to people that consented to receive them.



**Objections and Response to Request No. 19:** Twilio incorporates herein by reference its General Objections. Twilio objects to this Request to the extent that it seeks to impose an undue and disproportionate burden on non-party Twilio, and prematurely seeks information from a non-party before first seeking such information from Defendant. Twilio objects to this Request to the extent that it seeks to impose an undue burden on non-party Twilio in that it seeks "[a]ll documents and communications" relating to a category of information. Twilio further objects to the extent it seeks information that is not within the possession, custody, or control of Twilio. Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation. Without waiving the foregoing objections, and as Twilio understands this Request, Twilio directs Plaintiff to certain publicly-accessible documentation relating to the functionality of its API. This documentation includes https://www.twilio.com/legal/messaging-policy
https://www.twilio.com/sms, https://www.twilio.com/docs/api,
https://support.twilio.com/hc/en-us/articles/360034798533-Getting-Started-with-Advanced-Opt-Out-for-Messaging-Services , and
https://www.twilio.com/hc/en-us/ahttps://support.twilio.com/hc/en-us/articles/223134027-Twilio-support-for-opt-out-keywords-SMS-STOP-filtering-rticles/223134027-Twilio-support-for-opt-out-keywords-SMS-STOP-filtering.

**Request No. 20:** All documents and communications regarding the criteria used to select recipients to receive text messages relating to Defendant.

**Objections and Response to Request No. 20:** Twilio incorporates herein by reference its General Objections. Twilio objects to this Request to the extent that it seeks to impose an undue burden on non-party Twilio by, among other things, seeking information from Twilio that is in possession, custody, or control of a party to the underlying litigation (Defendant, not Twilio, would be best situated to produce information regarding the criteria used to select intended recipients). Twilio further objects to this request for lack of foundation. Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation. In light of the foregoing objections, and because it does not have any responsive documents, Twilio does not intend to produce documents in response to this Request.

**Request No. 21:** All contracts and agreements regarding the transmission of text messages on behalf of Defendant.

**Objections and Response to Request No. 21:** Twilio incorporates herein by reference its General Objections. Twilio objects to this Request to the extent that it seeks to impose an undue burden on non-party Twilio by, among other things, seeking information from Twilio that is in possession, custody, or control of a party to the underlying litigation. Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation. Without waiving the foregoing objections, Twilio states that, in general, Twilio customers' use of Twilio's products and services are generally governed by Twilio's terms of service and acceptable use policy during the relevant time period. Twilio's terms of service can be found at: https://www.twilio.com/legal/tos. Twilio's acceptable use policy can be found at: https://www.twilio.com/legal/aup.

**Requests No. 22:** All- disposition reports identifying whether messages were among other- things, text messages sent on behalf of Defendant were delivered,-not.delivered,.unsent-or.undeli.vei:able.

**Objections and Response to Request No. 22:** Twilio incorporates herein by reference its General Objections. Twilio objects to this Request to the extent that it seeks to impose an undue burden on



non-party Twilio in that it seeks "[a]ll disposition reports" relating to a category of information and does so before requesting that information from the defendant. In particular, Twilio customers have access to their own text message records by way of the Twilio account console and/or Twilio's APIs. Twilio objects to the phrase "disposition reports" as vague and ambiguous. Twilio further objects to the extent it seeks information that is not within the possession, custody, or control of Twilio. Twilio further objects to this Request in that it is overly broad and appears to seek information not relevant to the underlying litigation (e.g., it is not limited to messages that are the subject of this lawsuit). Without waiving the foregoing objections, and as Twilio understands this Request, Twilio directs Plaintiff to certain publicly-accessible documentation relating to the functionality of its API. This documentation includes https://www.twilio.com/sms, https://www.twilio.com/docs/api, https://support.twilio.com/hc/en-us/articles/360034798533-Getting-Started-with-Advanced-Opt-Out-for-Messaging-Services, https://www.twilio.com/hc/en-us/ahttps://support.twilio.com/hc/en-us/articles/223134027-Twilio-support-for-opt-out-keywords-SMS-STOP-filtering-rticles/223134027-Twilio-support-for-opt-out-keywords-SMS-STOP-filtering and https://www.twilio.com/docs/sms/api/message-resource#message-status-values.

In general, please note that Twilio allows developers to programmatically send and receive text messages and perform other communication functions using its web service API but Twilio does not conduct such tasks on its customers' behalf except to provide technical support for use of its platform. Twilio customers have access to their own records by way of the Twilio account console and/or Twilio's APIs and are best positioned to obtain and produce documents responsive to these requests to the extent they exist (see, e.g., the BulkExportAPI method outlined at https://www.twilio.com/legal/civil-requests).

Twilio also objects to the deposition subpoena and incorporates by reference its responses and objections above as those apply equally to the parallel topics issued in the deposition subpoena. Further, a deposition is not appropriate here where all information that is sought from non-party Twilio could be obtained directly from Defendant. Twilio is willing to meet and confer regarding both subpoenas.

Please email me at the address below if you have any questions regarding the foregoing objections and responses.

Sincerely,

*Alana Mannige*

Alana Mannige
Litigation Counsel
Twilio Inc.
amannige@twilio.com