Sheri Pan (SBN 316136)
ZWILLGEN LAW LLP
369 Pine Street, Suite 506
San Francisco, CA 94104
Telephone: (415) 590-2341
Facsimile: (415) 636-5965
sheri@zwillgen.com

*Attorneys for Respondent
Twilio Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY LAWSON,<br><br>   *Petitioner*,<br>v.<br>TWILIO INC.,<br><br>   *Respondent*. | Case No. 3:24-mc-80129-PHK<br><br>**OPPOSITION TO PETITIONER'S MOTION TO ENFORCE SUBPOENA TO NON-PARTY TWILIO INC. TO PRODUCE DOCUMENTS AND TESTIFY AT DEPOSITION** |

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................. 1

ARGUMENT .................................................................................................................................. 4

I.  Petitioner's Motion to Compel Should Be Denied ............................................................. 4

    A.  Petitioner Seeks Materials More Properly Obtained from a Party
        to the Litigation ...................................................................................................... 4

    B.  The Stored Communications Act Prohibits Twilio from Producing
        Private Communications in Response to the Subpoena ........................................ 6

    C.  The Subpoena Is Overly Broad and Seeks Information Not Relevant
        to the Underlying Litigation .................................................................................. 8

II. In the Alternative, This Matter Should Be Stayed Pending Visionworks's
      Production in the Underlying Case ..................................................................................... 9

III. Alternatively, This Court May Transfer the Motion to the Court Presiding
       Over the Primary Action .................................................................................................. 10

CONCLUSION ............................................................................................................................. 12

i

OPPOSITION TO PETITIONER'S MOTION TO ENFORCE SUBPOENA TO NON-PARTY TWILIO INC. TO PRODUCE DOCUMENTS AND TESTIFY AT DEPOSITION / CASE NO. 3:24-mc-80129-PHK

# TABLE OF AUTHORITIES

Page(s)

Cases

*Application Pursuant to 28 U.S.C. §1782 by Nikon Corp. v. GlobalFoundries U.S., Inc.*,
   No. 17-MC-80071-BLF, 2017 WL 4224770 (N.D. Cal. Sept. 22, 2017) ............................ 9-10

*Belinda K. v. Baldovinos*,
   No. C 10-02507 LHK (PSG), 2011 WL 3740835 (N.D. Cal. Aug. 23, 2011) .......................... 8

*Chasten v. Franklin*,
   No. C10-80205 MISC JW (HRL), 2010 WL 4065606 (N.D. Cal. Oct. 14, 2010) ................... 7

*Chevron Corp. v. Donziger*,
   No. 12-MC-80237 CRB (NC), 2013 WL 4536808 (N.D. Cal. Aug. 22, 2013) ........................ 4

*Doe 1 v. AOL LLC*,
   552 F.3d 1077 (9th Cir. 2009) ............................................................................................... 7

*Gray v. First Winthrop Corp.*,
   133 F.R.D. 39 (N.D. Cal. 1990) ............................................................................................ 9

*Hall v. Marriott Int'l Inc.*,
   No. 21-MC-80165-TSH, 2021 WL 3129598 (N.D. Cal. July 23, 2021) ................................ 10

*In re Facebook, Inc.*,
   923 F. Supp. 2d 1204 (N.D. Cal. 2012) ................................................................................ 7

*In re Google LLC*,
   No. 24-MC-80009-VKD, 2024 WL 217842 (N.D. Cal. Jan. 19, 2024) ............................. 10-11

*In re Path Network, Inc.*,
   No. 23-MC-80148-PHK, 2023 WL 8115045 (N.D. Cal. Nov. 22, 2023) (Kang, J.) ............. 7-8

*In re Subpoena FaceTec, Inc.*,
   No. 23-mc-80263-VKD, 2024 WL 348829 (N.D. Cal. Jan. 30, 2024) ................................. 4-5

*In re Subpoena to Payward, Inc.*,
   No. 23-MC-80248-KAW, 2023 WL 6541854 (N.D. Cal. Oct. 5, 2023) ................................ 12

*Lawson v. Visionworks of Am., Inc.*, Notice of Voluntary Dismissal
   No. 5:20-cv-01368-DAE (W.D. Tex. Mar. 16, 2021) ............................................................ 2

*Lawson v. Visionworks of Am., Inc.*, TCPA Complaint
   No. 6: 23-cv-1566-WWB-EJK (M.D. Fla. Aug. 16, 2023) ................................................ 1, 8

*Lawson v. Visionworks of Am., Inc.*, Motion to Dismiss
   No. 6:23-cv-1566-WWB-EJK (M.D. Fla. Oct. 16, 2023), ECF 9 .......................................... 2

ii

OPPOSITION TO PETITIONER'S MOTION TO ENFORCE SUBPOENA TO NON-PARTY TWILIO INC. TO PRODUCE DOCUMENTS AND TESTIFY AT DEPOSITION / CASE NO. 3:24-mc-80129-PHK

*Lawson v. Visionworks of Am., Inc.*, Motion to Compel
    No. 6:23-cv-1566-WWB-EJK (M.D. Fla. Mar. 26, 2024), ECF 27 ................................... 2, 3

*Lawson v. Visionworks of Am., Inc.*, Motion to Stay or Alternatively Bifurcate Discovery
    No. 6:23-cv-1566-WWB-EJK (M.D. Fla. Mar. 27, 2024), ECF 29 ......................................... 3

*Lawson v. Visionworks of Am., Inc.*, Order on Plaintiff's Motion to Compel
    No. 6:23-cv-01566-WWB-EJK (M.D. Fla. June 28, 2024), ECF 38 ...................... 4, 5, 6, 9, 12

*Mintz v. Mark Bartelstein & Assocs., Inc.*,
    885 F. Supp. 2d 987 (C.D. Cal. 2012) ..................................................................................... 7

*Mirza v. Yelp, Inc.*,
    No. 21-MC-80077-TSH, 2021 WL 2939922 (N.D. Cal. July 13, 2021) ............................... 11

*Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*,
    301 F.R.D. 426 (N.D. Cal. 2014) .................................................................................... 10, 11

*Nidec Corp. v. Victor Co. of Japan*,
    249 F.R.D. 575 (N.D. Cal. 2007) ............................................................................................ 4

*Pers. Audio LLC v. Togi Ent., Inc.*,
    No. 14-MC-80025 RS (NC), 2014 WL 1318921 (N.D. Cal. Mar. 31, 2014) .......................... 5

*Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*,
    307 F.3d 1206 (9th Cir. 2002) ................................................................................................. 9

*Sines v. Kessler*,
    No. 18-mc-80080-JCS, 2018 WL 3730434 (N.D. Cal. Aug. 6, 2018) ..................................... 7

*Valdez v. Travelers Indem. Co. of Conn.*,
    No. 12-04307-SBA (KAW), 2013 WL 3989583 (N.D. Cal. Aug. 2, 2013) ............................. 5

*VirnetX, Inc. v. Apple Inc.*,
    No. 14-MC-80013 RS (NC), 2014 WL 6979427 (N.D. Cal. Mar. 21, 2014) .......................... 5

*Youtoo Techs., LLC v. Twitter, Inc.*,
    No. 17-MC-80006-JSC, 2017 WL 431751 (N.D. Cal. Feb. 1, 2017) .................................... 11

**Statutes and Rules**

18 U.S.C. § 2701 *et seq.* ................................................................................................................ 3

18 U.S.C. § 2702 ....................................................................................................................... 7, 8

18 U.S.C. § 2703 .......................................................................................................................... 7

28 U.S.C. §2510 ........................................................................................................................... 8

Telephone Consumer Protection Act ................................................................................... 1, 2, 8

Fed. R. Civ. P. 12 ................................................................................................................... 2

Fed. R. Civ. P. 26 ............................................................................................................ 4, 8, 9

Fed. R. Civ. P. 45 .......................................................................................................... 4, 6, 10

**Other Authorities**

Twilio, BulkExport API Overview, https://www.twilio.com/docs/usage/bulkexport
   (last visited June 26, 2024)......................................................................................... 2

Twilio, Twilio Docs, https://www.twilio.com/docs (last visited June 26, 2024)........................... 9

**INTRODUCTION**

Petitioner Anthony Lawson seeks to enforce a subpoena against third-party communications service provider Twilio Inc. ("Twilio") demanding that it produce private text messages, texting logs, and information identifying persons who received texts in response to ***twenty-two*** requests for production. Petitioner does so, even though he admits that this discovery is all available directly from the Twilio account-holder and party defendant in the underlying matter, Visionworks of America, Inc. ("Visionworks"). *See Lawson v. Visionworks of Am., Inc.*, No. 6:23-cv-01566-WWB-EJK (M.D. Fla.). Worse still, in addition to Twilio's objections, many of these requests are also the subject of a court order in the underlying case that directs Visionworks to directly produce many of the documents Lawson seeks to compel from Twilio. Rather than wait to receive and review that production, however, Petitioner attempts to end-run the discovery process by pressing a subpoena against non-party Twilio. This is improper. It only serves to highlight the importance of courts' obligation to protect third parties from abusive discovery, particularly where, as here, the requesting party seeks the production of documents that are equally available from a party to the action. Additionally still, the subpoena calls for production of private communications in violation of the Stored Communications Act, imposes undue burden on a third party, and is exceedingly broad. The Motion to Compel should be denied.

Alternatively, the Court may either stay Petitioner's Motion until Petitioner receives from Visionworks the forthcoming production concerning the same documents or transfer this proceeding to the Middle District of Florida, the issuing court presiding over the primary litigation. Twilio does not object to a stay or transfer should the Court determine either is warranted to avoid conflicting rulings.

**BACKGROUND**

On August 16, 2023, Lawson filed a putative class action complaint in the U.S. District Court for the Middle District of Florida under the Telephone Consumer Protection Act ("TCPA") concerning three text messages he allegedly received from Visionworks. *See* Complaint, *Lawson v. Visionworks of Am., Inc.*, No. 6:23-cv-01566-WWB-EJK (M.D. Fla. Aug. 16, 2023). This is

Lawson and his counsel's third lawsuit against Visionworks regarding the same texts. Lawson first asserted a TCPA claim against Visionworks in U.S. District Court for the Western District of Texas which, after Visionworks moved to dismiss, he voluntarily dismissed. *See* Notice of Voluntary Dismissal, *Lawson v. Visionworks of Am., Inc.*, No. 5:20-cv-01368-DAE (W.D. Tex. Mar. 16, 2021). He next brought his TCPA claim in the Middle District of Florida, which dismissed the case for lack of standing under Federal Rule of Civil Procedure 12(b)(1). *See Lawson v. Visionworks of Am., Inc.*, No. 6:22-cv-1375-RBD-EJK (M.D. Fla.). Then, following a decision in the Eleventh Circuit clarifying standing principles, Lawson filed a third complaint against Visionworks in the Middle District of Florida. This is the primary litigation underlying this discovery matter.

On October 16, 2023, Visionworks moved to dismiss the latest complaint for judicial estoppel and failure to state a claim, and that motion remains pending. *See* Motion to Dismiss, *Lawson v. Visionworks of Am., Inc.*, No. 6:23-cv-1566-WWB-EJK (M.D. Fla. Oct. 16, 2023), ECF 9. Despite that, Lawson has insisted that he is entitled to class discovery and, in December 2023, requested various documents from Visionworks about text messages and logs. Lawson's Motion to Compel Production of Documents from Visionworks Ex. 1, *Lawson v. Visionworks of Am., Inc.*, No. 6:23-cv-1566-WWB-EJK (M.D. Fla. Mar. 26, 2024), ECF 27. Before attempting to enforce those requests against Visionworks, however, Lawson opted to seek the same discovery from a non-party, Twilio. Twilio is a cloud-based communications service that provides text messaging, voice, and other communications products to customers like Visionworks. Twilio customers such as Visionworks have full access to all of their Twilio data via Twilio's platform. For example, customers can use Twilio's BulkExport API, which "provides an efficient mechanism for retrieving all of [a customer's] activity logs from the Twilio platform on an ongoing basis, or for one-off downloads."[1] Beyond furnishing the technical infrastructure, Twilio does not provide marketing or promotional services to its text messaging and voice communications customers.

---

[1] Twilio, BulkExport API Overview, https://www.twilio.com/docs/usage/bulkexport (last visited June 26, 2024).

2

On March 5, 2024, Lawson served on Twilio a third-party subpoena ("Subpoena") making largely (if not entirely) duplicative requests to those demanded from defendant Visionworks. Mot. to Compel Against Twilio Ex. D. The Subpoena set forth 22 requests for myriad private communications and logs—including all text messages to and from Lawson, all text messages to and from Visionworks, texting logs, information identifying recipients of texts from Visionworks, and background on how Visionworks created and targeted its texts. The Subpoena also called for Twilio to appear at a deposition on May 3.

On March 19, Twilio responded with timely objections to the Subpoena. *Id.* Ex. E. Among those objections, it noted that the Requests seek information directly available from Lawson or Visionworks, parties to the litigation, and that many of the Requests seek the contents of electronic communications in violation of the Stored Communications Act ("SCA"). *See* 18 U.S.C. § 2701 *et seq.* On March 26, Lawson finally filed a Motion to Compel Production from Visionworks in the primary litigation and, on March 27, Visionworks filed a Motion to Stay or Bifurcate Discovery pending decision on its Motion to Dismiss. *See* Lawson's Motion to Compel, *Lawson v. Visionworks of Am., Inc.*, No. 6:23-cv-1566-WWB-EJK (M.D. Fla. Mar. 26, 2024), ECF 27; Visionworks's Motion to Stay or Alternatively Bifurcate Discovery, *Lawson v. Visionworks of Am., Inc.*, No. 6:23-cv-1566-WWB-EJK (M.D. Fla. Mar. 27, 2024), ECF 29.

Throughout March and April, Twilio met and conferred with Petitioner's counsel in an attempt to resolve the dispute. *See* Decl. of Alana Mannige in Support of Opp. to Mot. to Compel Against Twilio ("Mannige Decl.") Ex. A; Mot. to Compel Against Twilio Ex. F. During this process, Petitioner's counsel agreed to hold the deposition in abeyance and did not attempt to re-notice or reschedule it. Mannige Decl. Ex. A. In an email dated April 11, Twilio again explained that it would be unduly burdensome to compel a non-party to produce the same documents Petitioners are seeking from Visionworks, an actual party, and that the pending motion to compel against Visionworks would make production by Twilio even more inappropriate by mooting the motion and depriving Visionworks of the opportunity to be heard on its objections. *See* Mot. to Compel Against Twilio Ex. F. Petitioner's counsel never responded to that email.

3
OPPOSITION TO PETITIONER'S MOTION TO ENFORCE SUBPOENA TO NON-PARTY TWILIO INC. TO PRODUCE DOCUMENTS AND TESTIFY AT DEPOSITION / CASE NO. 3:24-mc-80129-PHK

Instead, on May 24, 2024, Petitioner initiated this Motion to Compel against Twilio. On June 28, Magistrate Judge Embry J. Kidd in the Middle District of Florida granted in part Lawson's Motion to Compel against Visionworks, including as to data related to text messages sent by Visionworks. *See* Order on Plaintiff's Motion to Compel, *Lawson v. Visionworks of Am., Inc.*, No. 6:23-cv-01566-WWB-EJK (M.D. Fla. June 28, 2024), ECF 38. Visionworks's Motion to Dismiss remains pending.

## ARGUMENT

**I.    Petitioner's Motion to Compel Should Be Denied**

**A.    Petitioner Seeks Materials More Properly Obtained from a Party to the Litigation**

The Subpoena imposes an undue burden on Twilio because the information sought can be, and is in the process of being, obtained from an actual party to the litigation. Rule 45 requires that a party who seeks discovery by serving a subpoena on a non-party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Courts, in turn, have an obligation to protect non-parties from any significant burden or expense resulting from compliance. Fed. R. Civ. P. 45(d)(2)(B)(ii). Rule 26 additionally provides that "[t]he court must limit the discovery sought if it is unreasonably duplicative, if it can be obtained from a source that is more convenient or less burdensome, or if the burden of producing it outweighs its likely benefit." *Chevron Corp. v. Donziger*, No. 12-MC-80237 CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (citing Fed. R. Civ. P. 26(b)(2)(C)). If compliance with a subpoena subjects a person to undue burden, "the court for the district where compliance is required must quash or modify [the] subpoena." Fed. R. Civ. P. 45(d)(3)(iv).

Applying these rules, courts consistently decline to enforce subpoenas seeking documents that can be obtained from the parties themselves. "There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007). Decision after decision in this District reiterates this rule. *See, e.g.*, *In re Subpoena FaceTec, Inc.*, No. 23-mc-80263-VKD, 2024 WL 348829, at *2 (N.D. Cal. Jan. 30, 2024) ("The Court concludes that it is improper for FaceTec to seek

4

documents from a non-party, such as Jumio, when those documents appear to be available from defendant iProov."); *Pers. Audio LLC v. Togi Ent., Inc.*, No. 14-MC-80025 RS (NC), 2014 WL 1318921, at *3 (N.D. Cal. Mar. 31, 2014) (quashing third-party subpoena because "[s]uch discovery is obtainable from a source more direct, more convenient, and less burdensome," "defendants themselves"); *VirnetX, Inc. v. Apple Inc.*, No. 14-MC-80013 RS (NC), 2014 WL 6979427, at *4 (N.D. Cal. Mar. 21, 2014) (same, because the discovery sought "is obtainable from a source more direct, convenient, and less burdensome—Apple"); *Valdez v. Travelers Indem. Co. of Conn.*, No. 12-04307-SBA (KAW), 2013 WL 3989583, at *9 (N.D. Cal. Aug. 2, 2013) (same, because "the discovery sought from Umpqua is obtainable from a source more direct, convenient, and less burdensome—namely, from Plaintiffs").

Here, the Subpoena seeks documents plainly obtainable from the parties. Petitioner requests from Twilio text messages to or from Petitioner, text messages to or from Visionworks, text logs, and other documents related to Visionworks's account with Twilio. But all these materials are necessarily available to the parties themselves: Petitioner and Visionworks would have any communications they each sent or received, and Visionworks would be best positioned to produce documents related to its use of Twilio's service.[2] This is especially true in light of Magistrate Judge Kidd's nuanced decision granting in part and denying in part Lawson's Motion to Compel against Visionworks. *See* Order on Plaintiff's Motion to Compel, *Lawson v. Visionworks of Am., Inc.*, No. 6:23-cv-01566-WWB-EJK (M.D. Fla. June 28, 2024), ECF 38. Visionworks was ordered to produce data related only to certain text messages, such as texts to recipients on a do not call list who did not consent and/or those with no pre-existing business relationship with Visionworks. *Id.* As a service provider, Twilio has no ability to make this distinction and limit a production to the bounds imposed by the court. Some of the Requests,

---

[2] Petitioner incorrectly argues that Twilio's BulkExport API feature supports his motion to compel against Twilio. *See* Mot. to Compel Against Twilio at 7. What Twilio explained to Petitioner's counsel was that Twilio offers the BulkExport API feature to its customers, like Visionworks. *See id.* Ex. E. This means that Visionworks easily would be able to download and produce the materials requested. The BulkExport API feature is only available to Twilio's customers and is not generally accessible or otherwise used internally at Twilio.

5

OPPOSITION TO PETITIONER'S MOTION TO ENFORCE SUBPOENA TO NON-PARTY TWILIO INC. TO PRODUCE DOCUMENTS AND TESTIFY AT DEPOSITION / CASE NO. 3:24-mc-80129-PHK

moreover, seek information exclusively available to Visionworks and not Twilio, such as the creation of text messages, criteria used to select text recipients, and identity of recipients. *See* Mot. to Compel Against Twilio Ex. D (Request Nos. 9, 13, 16, 18, 20). As a technical platform, Twilio merely provides customers the infrastructure for sending messages or making calls; it plays no role in their marketing decisions.

Petitioner's own attorneys concede that they not only sent the same requests to Twilio after seeking them from Visionworks, but did so knowing the requests are duplicative. *See* Mot. to Compel Against Twilio at 7. Moreover, the court in the primary litigation ordered Visionworks to produce many of the same materials demanded here, including data related to text messages sent by Visionworks. *See* Order on Plaintiff's Motion to Compel, *Lawson v. Visionworks of Am., Inc.*, No. 6:23-cv-01566-WWB-EJK (M.D. Fla. June 28, 2024). Petitioner's counsel identifies no reason why this Court should depart from the long line of cases holding that a party should not go to a third party for discovery available from a direct party, especially when the direct party is in the process of producing the discovery. The Motion does not even attempt to distinguish those decisions, merely dismissing them as "hold[ing] little weight." Mot. to Compel Against Twilio at 7. Where Petitioner does cite cases on burdensomeness, he discusses decisions addressing only *party* discovery—not non-party subpoenas like the one here. *Id.* at 11-12.

This should settle the matter: the Court should deny Petitioner's Motion to Compel against Twilio and order Petitioner to go to the parties in the first instance. Petitioner's impatience with a party and bare speculation that Visionworks's forthcoming production may be inaccurate—in the very early stages of discovery—are no bases for burdening non-party Twilio with production. *See id.* at 7. Petitioner should not be permitted to short circuit a live dispute by initiating a separate proceeding against a different party—particularly a third party subject to Rule 45's full protections.

**B. The Stored Communications Act Prohibits Twilio from Producing Private Communications in Response to the Subpoena**

The Motion to Compel should also be denied because the Subpoena demands that Twilio produce the contents of electronic communications in violation of the SCA. Request Nos. 1, 3, 4,

6

5, 6, 7, 8, 9, 10, 11, 13, 14, and 18, for example, seek text messages and communications to or from Petitioner, and to or from Visionworks.  The SCA "prohibits an entity that provides an electronic communications service [ECS] or remote computing service [RCS] from knowingly divulging, except in certain circumstances, the contents of an electronic communication or a record or other information about a subscriber."  *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1079-80 n.2 (9th Cir. 2009) (per curiam) (citing 18 U.S.C. § 2702(a)).  The SCA recognizes two categories of exceptions to the general prohibition on disclosure by a service provider.  First, § 2702(b) enumerates a set of "[e]xceptions for disclosure of communications," such as with the lawful consent of the sender or recipient to the provider disclosing the communication.  18 U.S.C. § 2702(b)(3).  Second, § 2703 sets forth a comprehensive regime for criminal discovery under which law enforcement entities may compel the disclosure of communications content from providers.  Absent a § 2702(b) exception, only a "governmental entity" may compel a provider to disclose communications content and, even then, solely according to specified substantive and procedural standards like the issuance of a search warrant.  *See* 18 U.S.C. §§ 2703(a)-(b).

This means the SCA contains no exception for civil discovery subpoenas, an aspect widely recognized by courts.  This Court noted "[i]t is well-established that civil subpoenas . . . are subject to the prohibitions of the Stored Communications Act."  *In re Path Network, Inc.*, No. 23-MC-80148-PHK, 2023 WL 8115045, at *10 (N.D. Cal. Nov. 22, 2023) (Kang, J.).  Other courts in this District routinely hold the same.  *See, e,g.*, *Sines v. Kessler*, No. 18-mc-80080-JCS, 2018 WL 3730434, at *10 (N.D. Cal. Aug. 6, 2018) ("There are no exceptions for civil subpoenas, which are subject to SCA prohibitions."); *Chasten v. Franklin*, No. C10-80205 MISC JW (HRL), 2010 WL 4065606, at *2 (N.D. Cal. Oct. 14, 2010) ("[A]s many courts have explained, civil subpoenas to a non-party . . . are not among section 2702(b)'s 'unambiguous exceptions.'"); *Mintz v. Mark Bartelstein & Assocs., Inc.*, 885 F. Supp. 2d 987, 991 (C.D. Cal. 2012) (collecting cases).  Thus, "civil subpoenas may not compel production of records from providers" like Twilio.  *In re Facebook, Inc.*, 923 F. Supp. 2d 1204, 1206 (N.D. Cal. 2012).  Where a civil litigant seeks to compel compliance with a discovery request, the court "may not grant the application if granting

the application would cause a violation of the Stored Communications Act." *In re Path Network, Inc.*, 2023 WL 8115045, at *10 (Kang, J.). This is a categorical bar that is not remediable by a protective order. *See* Mot. to Compel Against Twilio at 9-10.

Here, Twilio is an electronic communications service within the scope of the SCA. It provides voice and text messaging functions, and thus constitutes a "service which provides to users thereof the ability to send or receive wire or electronic communications." 28 U.S.C. §2510(15). Petitioner is not a governmental entity and has not invoked an exception under § 2702(b). Thus, there is no mechanism under the SCA for Petitioner to acquire private communications content directly from Twilio itself. That is, it cannot do so without the consent of a party to the communication. And that exception only reinforces Twilio's argument above: Visionworks, the party to the case and a party to every communication Petitioner seeks, is the proper target for this request, not Twilio. On this basis alone, the Court should deny Petitioner's Motion to Compel as to Request Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, and 18.

### C. The Subpoena Is Overly Broad and Seeks Information Not Relevant to the Underlying Litigation

Any information sought by a subpoena must be "reasonably calculated to lead to admissible evidence." Fed. R. Civ. P. 26(b). "Overbroad subpoenas seeking irrelevant information may be quashed or modified." *Belinda K. v. Baldovinos*, No. C 10-02507 LHK (PSG), 2011 WL 3740835, at *5 (N.D. Cal. Aug. 23, 2011). Here, the Subpoena contains myriad requests that call for information irrelevant to the underlying claims. Petitioner asserts only two counts under the TCPA based on the allegation that Visionworks impermissibly sent him text messages considered telemarketing under the law. *See* Complaint, *Lawson v. Visionworks of Am., Inc.*, No. 6:23-cv-01566-WWB-EJK (M.D. Fla. Aug. 16, 2023). Request Nos. 3, 4, 6, 7, 8, 9, 10, 11, 15, 16, 18, 20, and 22, however, would all require Twilio to divulge volumes of private text messaging content, logs, and personal information irrelevant to his TCPA claims against Visionworks. For example, Request No. 4 demands all text messages transmitted on behalf of Visionworks, regardless of whether the messages were sent to a member of the putative class. Request Nos. 7 and 8 demand all text messages sent to or from Petitioner, regardless of whether

8

OPPOSITION TO PETITIONER'S MOTION TO ENFORCE SUBPOENA TO NON-PARTY TWILIO INC. TO PRODUCE DOCUMENTS AND TESTIFY AT DEPOSITION / CASE NO. 3:24-mc-80129-PHK

they involved Visionworks. Request Nos. 9 and 16 seek information identifying every person Visionworks communicated with via text, regardless of whether they belong in the putative class. Moreover, Request Nos. 12, 17, and 19 do not seek information related to Visionworks at all—but about non-party Twilio's confidential "processes," "procedures," "policies," and "safeguards" (notably, Twilio's publicly available documentation[3] already provides detailed explanations of how Twilio's products function and Petitioner has failed to put forth any argument as to why that publicly available documentation would not be sufficient here). More than overly broad, these Requests evidence a fishing expedition that exerts undue burden on Twilio and exceeds the bounds of fair discovery. For this additional reason, the Court should deny Petitioner's Motion to Compel and decline to enforce the Subpoena.

## II. In the Alternative, This Matter Should Be Stayed Pending Visionworks's Production in the Underlying Case

This Court may also stay adjudication of Petitioner's Motion to Compel until Visionworks produces documents in the primary action. Motions to stay discovery are governed by Rule 26(c), which provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). A stay would be warranted for the reasons discussed above—Visionworks, the actual defendant in the primary case, was ordered to produce many of the same documents demanded of non-party Twilio. *See* Order on Plaintiff's Motion to Compel, *Lawson v. Visionworks of Am., Inc.*, No. 6:23-cv-01566-WWB-EJK (M.D. Fla. June 28, 2024). The forthcoming production would immediately obviate the need for non-party Twilio to comply with this Subpoena. *See Application Pursuant to 28 U.S.C. §1782 by Nikon Corp. v. GlobalFoundries U.S., Inc.*, No. 17-MC-80071-BLF, 2017 WL 4224770, at *3 (N.D. Cal. Sept. 22, 2017) (granting

---

[3] Twilio, Twilio Docs, https://www.twilio.com/docs (last visited June 26, 2024).

motion to stay discovery because "a third party . . . has been asked to locate and produce what appears to be a large volume of documents in a short period" and "understandably wishes to avoid the expenditure of time and resources necessary to comply with [the] order if there is a reasonable chance that its challenge to that order will be successful"). Short of this proceeding being dismissed or transferred, staying decision on the Motion to Compel will be the next best means of ensuring consistency in rulings, preserving judicial economy, and permitting the court with the most knowledge of the facts to rule on this matter.

### III. Alternatively, This Court May Transfer the Motion to the Court Presiding Over the Primary Action

Finally, Twilio would not object to this Court transferring this proceeding to the U.S. District Court for the Middle District of Florida under Federal Rule of Civil Procedure 45(f), if it is concerned with inconsistent rulings. When the court where compliance with the subpoena is required did not issue the subpoena, that court may transfer the motion to compel: (1) "if the person subject to the subpoena consents" or (2) "if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

When the party subject to the subpoena consents, the Court may transfer the case because burden on local non-parties is "the primary focus in determining whether transfer is appropriate" under Rule 45(f). *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.,* 301 F.R.D. 426, 430 (N.D. Cal. 2014); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. Here, Twilio is the party subject to the Subpoena and consents to transfer in the event the Court determines it cannot, or should not, rule on Petitioner's Motion in light of ongoing discovery in the Middle District of Florida action. That is sufficient for this Court to grant Twilio's request to transfer under Rule 45(f). *See, e.g.*, *Hall v. Marriott Int'l Inc.*, No. 21-MC-80165-TSH, 2021 WL 3129598, at *2 (N.D. Cal. July 23, 2021) ("Here, Drassinower is the 'person subject to the subpoena' and not only does she consent to the transfer, she actually requests it. . . . Thus, under Rule 45's plain language, this court (the compliance court) may transfer Marriott's motion to the court hearing the underlying case.") (collecting cases); *In re Google LLC*, No. 24-MC-80009-VKD, 2024 WL 217842, at *2 (N.D. Cal. Jan. 19, 2024) ("Under Rule 45(f), Google's consent

10

alone is sufficient for the Court to order transfer."); *Mirza v. Yelp, Inc.*, No. 21-MC-80077-TSH, 2021 WL 2939922, at *3 (N.D. Cal. July 13, 2021) ("[Subpoenaed party] Yelp's proactive consent to the transfer provides sufficient grounds for this Court to grant Yelp's Motion to Transfer."); *Youtoo Techs., LLC v. Twitter, Inc.*, No. 17-MC-80006-JSC, 2017 WL 431751, at *2 (N.D. Cal. Feb. 1, 2017) (concluding that on the occasions that courts have addressed disputes involving third-party respondents' disputed requests to transfer to the issuing court, "compliance courts have granted the transfer requests"). Moreover, the court can assume in such circumstances that the subpoenaing party agrees to transfer—after all, "they had presumably chosen their preferred jurisdiction in the first instance." *Mirza*, 2021 WL 2939922, at *3.

Because Twilio consents to transfer, "the court 'need not consider whether the case presents exceptional circumstances.'" *Youtoo Techs.*, 2017 WL 431751, at *2 (cleaned up). Even under the exceptional circumstances prong, however, transfer is warranted. In making this assessment, courts consider: "(1) the complexity, procedural posture, and duration of the underlying litigation; (2) the nature of the issues pending before, or already resolved by, the issuing court; (3) the need to avoid unnecessary duplication; and (4) whether the issuing court is in a better position to decide the motion based on its familiarity with the issues involved." *In re Google LLC*, 2024 WL 217842, at *1. Courts in this District will grant the motion if the subpoena requests materials similar to those subject to a motion in the primary action, would impact the scope of relevant discovery in the primary action, or risks disrupting case management in the primary action. *See, e.g.*, *Moon Mountain Farms*, 301 F.R.D. at 429-30; *In re Google LLC*, 2024 WL 217842, at *2; *Mirza*, 2021 WL 2939922, at *3. Granting transfer in those circumstances avoids unnecessarily duplicating review and inconsistent rulings. *Mirza*, 2021 WL 2939922, at *3 (granting transfer of subpoena-related motion based on "importance of ensuring consistency in rulings on the issues involved, preserving judicial economy, and permitting the court with the most experience and knowledge of the facts to rule on these matters"); *Moon Mountain Farms*, 301 F.R.D. at 430 (granting transfer because the issuing court had "familiarity with the full scope of the issues involved").

Adjudicating Petitioner's Motion to Compel against Twilio and ruling in Petitioner's favor risks disrupting matters before the Middle District of Florida. Lawson's Motion to Compel against Visionworks directly overlaps with the Subpoena since, as he himself concedes, he sought the same materials from party defendant Visionworks and non-party Twilio. Moreover, Visionworks's Motion to Dismiss remains pending and, if granted, would immediately terminate Lawson's case and resolve this dispute.[4] Rather than prematurely compel production here and risk inconsistent rulings, this Court should allow the issuing court to also decide this matter: the issuing court recently considered and decided the merits of the Motion to Compel against Visionworks, this matter concerns duplicate discovery, and the primary case is in the Middle District of Florida. All these factors support this Court deferring to the principal court's management of discovery. *See In re Subpoena to Payward, Inc.*, No. 23-MC-80248-KAW, 2023 WL 6541854, at *1 (N.D. Cal. Oct. 5, 2023) (noting "motion to compel compliance with subpoena was 'best decided by the court with control over the discovery cut-off deadline'"). For all these reasons, the Court should transfer this action to the Middle District of Florida.

## CONCLUSION

For the above reasons, the Court should deny Petitioner's Motion to Enforce Subpoena to Produce Documents and Testify at a Deposition to Non-Party Twilio and Petitioner's request for attorney's fees and costs.

Dated: July 1, 2024	**ZWILLGEN LAW LLP**

By: /s/ Sheri Pan
Sheri Pan
sheri@zwillgen.com

*Attorneys for Respondent Twilio Inc.*

---

[4] While the court in the primary action denied Visionworks's request to stay discovery pending the motion to dismiss, it did not expressly extend that ruling to third-party discovery. *See* Order on Plaintiff's Motion to Compel, *Lawson v. Visionworks of Am., Inc.*, No. 6:23-cv-01566-WWB-EJK (M.D. Fla. June 28, 2024), ECF 38.