UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY LAWSON,<br><br>   Petitioner,<br><br> v.<br><br>TWILIO, INC.,<br><br>   Respondent. | Case No. 24-mc-80129-PHK<br><br>**ORDER ON MOTION TO ENFORCE THIRD-PARTY SUBPOENA**<br><br>Re: Dkt. 1 |

This matter arises out of a putative class action brought by Petitioner Anthony Lawson ("Lawson") that is currently pending in the United States District Court for the Middle District of Florida, styled *Lawson v. Visionworks of America, Inc.*, No. 6:23-cv-01566-WWB-EJK. Before the Court is Lawson's motion to compel a nonparty, Respondent Twilio, Inc. ("Twilio"), to produce documents responsive to a subpoena issued from this District in connection with that case. [Dkt. 1]. Twilio opposes the motion and asks the Court to transfer this miscellaneous action to the Middle District of Florida. [Dkt. 7]. Lawson does not unequivocally oppose transfer. *See* Dkt. 12 at 10 ("[I]f this Court is not inclined to grant Petitioner's Motion, then Petitioner does not oppose a transfer of this matter to the Middle District of Florida."). The Court finds the motion suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

## BACKGROUND

The underlying Florida action is brought on behalf of a putative class of individuals who allege Visionworks of America, Inc. ("Visionworks") violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, by sending spam telemarketing text messages to consumers even though consumers requested to opt out of receiving such messages and even

though consumers' telephone numbers were listed on the National Do Not Call registry. Twilio, a Delaware corporation headquartered in San Francisco, California, is a cloud communications company that provides programmable communication tools for making and receiving phone calls, text messages, and performing other communication functions using its web service. Lawson, the named plaintiff in the underlying Florida action and Petitioner here, issued a third-party subpoena to Twilio in the underlying action on March 4, 2024, which commanded Twilio to produce certain records and documents by April 3, 2024, and to appear for a remote deposition on May 3, 2024. The subpoena was served on Twilio's registered agent in Florida on March 5, 2024.

On March 19, 2024, Twilio's counsel served written objections to the subpoena, asserting that the materials sought were subject to the attorney-client privilege, proprietary in nature, and/or irrelevant to the underlying action, and claiming that the subpoena as written was overly broad, unduly burdensome, and vague and ambiguous. Counsel for Lawson and Twilio met and conferred on multiple occasions thereafter regarding the contents of the subpoena but were unable to reach any agreement. On May 24, 2024, Lawson filed the instant motion in this Court, in accordance with Federal Rule of Civil Procedure 45. *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.").

**LEGAL STANDARD**

Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena commanding a nonparty to, among other things, appear for deposition and produce documents within the nonparty's possession, custody, or control. Fed. R. Civ. P. 41(a)(1)(A)(iii). The scope of discovery allowed under a Rule 45 subpoena is generally the same as the scope of discovery permitted under Rule 26(b). *In re Subpoena to Apple, Inc.*, No. 5:14-cv-80139-LHK, PSG, 2014 WL 2798863, at *2 (N.D. Cal. June 19, 2014); *see* Fed. R. Civ. P. 45 advisory committee's note to 1970 amendment ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b).").

A nonparty commanded to produce documents pursuant to a Rule 45 subpoena may

challenge the subpoena in one of three ways: (1) by written objection; (2) by moving to quash or modify the subpoena; or (3) by moving for a protective order. *See* Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 45(d)(2)(B), (d)(3). If a nonparty responds to a Rule 45 subpoena with objections, the party who served the subpoena may move for an order compelling compliance. Fed. R. Civ. P. 45(d)(2)(B)(i). Subpoena-related motions under Rule 45 must be brought in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i), (d)(3)(A)-(B), (e)(2)(B).

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). As part of its inherent discretion and authority, the Court has discretion whether to grant a motion to compel compliance with a Rule 45 subpoena for documents. *See Garrett v. City & Cnty. of S.F.*, 818 F.2d 1515, 1519 (9th Cir. 1987).

**ANALYSIS**

Here, Lawson seeks an order compelling Twilio to appear for a deposition and produce all documents responsive to the Rule 45 subpoena issued by the Middle District of Florida court in the underlying action.

Rule 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." This Court did not issue the subpoena at issue; the Middle District of Florida did. Thus, the Court may transfer the motion to enforce the subpoena (1) "if the person subject to the subpoena consents" *or* (2) if there are "exceptional circumstances." Fed. R. Civ. P. 45(f). Whether to transfer a subpoena-related motion is committed to the discretion of the court where compliance is required. *Youtoo Techs., LLC v. Twitter, Inc.*, No. 17-mc-80006-JSC, 2017 WL 431751, at *1 (N.D. Cal. Feb. 1, 2017) (citing *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014)). "If the compliance court transfers the subpoena dispute to the issuing court, the matter may be transferred back to the compliance court for enforcement." *Id.* (citing Fed. R. Civ. P.

3

45(f)).

Here, Twilio is the "person subject to the subpoena." Twilio not only consents to the transfer, but actually requests it. *See* Dkt. 7 at 17 ("For all of these reasons, the Court should transfer this action to the Middle District of Florida."). Thus, under Rule 45(f), this Court (the compliance court) may transfer the instant motion to the Florida court hearing the underlying action. Whether Lawson consents to or opposes such transfer is irrelevant to the Court's inquiry. *See In re Google LLC*, No. 24-mc-80009-VKD, 2024 WL 217842, at *2 (N.D. Cal. Jan. 19, 2024) ("Under Rule 45(f), [the subpoenaed party's] consent alone is sufficient for the court to order transfer."); *Hall v. Marriott Int'l Inc.*, No. 21-mc-80165-TSH, 2021 WL 3129598, at *2 (N.D. Cal. July 23, 2021) ("Rule 45(f) nowhere contemplates that parties seeking a subpoena can or would object to transfer back to the court where they originally filed suit, since they had presumably chosen their preferred jurisdiction in the first instance."); *Mirza v. Yelp, Inc.*, No. 21-mc-80077-TSH, 2021 WL 2939922, at *3 (N.D. Cal. July 13, 2021) ("Rule 45(f) presents no bar whatsoever to the return of the matter to the Issuing Court where . . . the nonparties subject to the subpoena consent to the transfer."); *Youtoo*, 2017 WL 431751, at *2 (transferring subpoena motion to the issuing court based on the subpoenaed party's consent notwithstanding the issuing party's opposition to transfer because "the local nonparty wants the action transferred to the district where the case is pending" and Rule 45(f)'s "focus" is to avoid burdens on "the local nonparty, not the issuing party"); *see also* Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment (explaining that Rule 45(f)'s "prime concern" is "avoiding burdens on local nonparties subject to subpoenas").

Pursuant to applicable rules governing transfer of motions such as the instant motion, the Court finds that the instant motion should be transferred to the Middle District of Florida court presiding over the underlying litigation because Twilio expressly consents to such transfer.

In addition, the Court finds that exceptional circumstances exist that warrant transfer of the dispute over the enforcement of the subpoena at issue to the Middle District of Florida. Fed. R. Civ. P. 45(f). "Rule 45(f) does not describe the circumstances that may qualify as 'exceptional,' but among the factors courts consider in assessing whether exceptional circumstances exist are (1)

4

the complexity, procedural posture, and duration of the underlying litigation; (2) the nature of the issues pending before, or already resolved by, the issuing court; (3) the need to avoid unnecessary duplication; and (4) whether the issuing court is in a better position to decide the motion based on its familiarity with the issues in involved." *In re Google*, 2024 WL 217842, at *1 (collecting cases).

First, the underlying action has been pending in the Middle District of Florida for more than one year and that court has ruled on a variety of motions, including discovery disputes relating to the defendant's production of the same documents sought from Twilio here. The Florida court presiding over the underlying action is more familiar with the nuances of the case. As such, transferring the instant matter to the Middle District of Florida would aid in preventing the disruption of that court's management of the underlying litigation. *See* Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment (explaining that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation"); *Moon Mountain*, 301 F.R.D. at 429 ("When the issuing court has already ruled on issues presented by a subpoena-related motion, exceptional circumstances exist and the court of compliance may transfer the motion to the issuing court."); *Williams v. Big Picture Loans, LLC*, No. 17-mc-80166-SVK, 2018 WL 707605, at *2 (N.D. Cal. Feb. 5, 2018) ("The Virginia district court is far better situated than this Court to determine whether the subpoena to Aranca falls within current scope of discovery in the Virginia action.").

The Court's decision regarding transfer is further supported by the fact that discovery in the underlying case is set to close in less than one month. Thus, a discovery ruling in this matter could theoretically disrupt the issuing court's management of the underlying case. *See In re Subpoena to Payward, Inc.*, No. 23-mc-80248-KAW, 2023 WL 6541854, at *1 (N.D. Cal. Oct. 5, 2023) (finding exceptional circumstances warranting transfer of Rule 45 subpoena to the issuing court where discovery in the underlying action was set to close within weeks and there were "similar outstanding subpoenas" in the underlying action); *Akkawi v. Sadr*, No. 23CV2168-W(BLM), 2024 WL 390055, at *3 (S.D. Cal. Jan. 30, 2024) (finding transfer of a motion to enforce a Rule 45 subpoena appropriate where discovery in the underlying action had already

closed and the issuing court had already ruled on several motions related to the subpoena).

## CONCLUSION

For the reasons set forth above, the Court **ORDERS** the Clerk of Court to transfer this case to the Middle District of Florida for consideration of the instant motion in the pending matter of *Lawson v. Visionworks of America, Inc.*, No. 6:23-cv-01566-WWB-EJK.

This Order disposes of Dkt. 1 and this matter in its entirety.

**IT IS SO ORDERED.**

Dated: December 2, 2024

PETER H. KANG
United States Magistrate Judge